UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DENNIS JOSHUA SNYDER,　　　　　　　　　　　　Case No. 2:17-cv-01033-MC

　　　　Plaintiff,　　　　　　　　　　　　　　　　OPINION AND ORDER

　　v.

EOCI MEDICAL; JERI TAYLOR;
DEANNA LOZIER;

　　　　Defendants.
_____

MCSHANE, District Judge:

Plaintiff, an inmate currently at Eastern Oregon Correctional Institution (EOCI), filed suit pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs and retaliation. Defendants now move for summary judgment under Federal Rule of Civil Procedure 56 on all claims. For the reasons set forth below, defendants' motion is granted.

DISCUSSION

In his complaint, plaintiff alleges that defendants refused to acknowledge his broken ankle and provided him with only a "boot" and failed to provide an inhaler for his asthma. (ECF No. 2) Defendants move for summary judgment on grounds that plaintiff failed to exhaust his

1　- OPINION AND ORDER

available administrative remedies. To prevail on their motion for summary judgment, defendants must show there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) ("If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56."). The court must construe the evidence and draw all reasonable inferences in the light most favorable to plaintiff. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

Under the Prison Litigation Reform Act (PLRA), inmates must exhaust all available administrative remedies before filing a federal action to redress prison conditions or incidents. *See* 42 U.S.C § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The exhaustion requirement is mandatory and requires compliance with both procedural and substantive elements of the prison administrative process. *Woodford v. Ngo,* 548 U.S. 81, 85, 90 (2006); *McKinney v. Carey*, 311 F.3d 1198, 1199-1200 (9th Cir. 2002) (per curiam). If the defendant shows that the inmate did not exhaust an available administrative remedy, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172; *see also Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010) (the PLRA does not require exhaustion when administrative remedies are "effectively unavailable"); *Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir. 2005) (an administrative remedy must be available "as a practical matter").

The Oregon Department of Corrections (ODOC) employs a three-step grievance and appeal process. Or. Admin. R. 291-109-0140. Generally, the inmate must file a grievance within 30 days of the alleged condition or incident. *Id.* 291-109-0150(2). If a grievance is returned on procedural grounds, the inmate may not appeal and must resubmit the grievance within 14 days if the procedural errors can be corrected. *Id.* 291-109-0160(5). If a grievance is accepted, the inmate may appeal a response to the grievance within 14 calendar days. *Id.* 291-109-0170(1)(b). If the first appeal is denied, the inmate may file a second appeal within 14 days of the date the denial was sent to the inmate. *Id.* 291-109-0170(2)(c). A decision following a second appeal is final and not subject to further review. *Id.* 291-109-0170(2)(f).

In his first claim, plaintiff alleges that defendants did not properly treat his existing ankle injury in September 2016 and also in December 2016, when plaintiff reinjured his ankle "while exercising" in an EOCI gym building. Compl. at 3, 5. Plaintiff filed two grievances regarding the alleged failure to treat his ankle. Sobotta Dec. ¶¶ 11-12.

On January 4, 2017, EOCI received Grievance No. EOCI.2017.01.012, in which plaintiff claimed that defendants were not properly treating his ankle. *Id.* Att. 4 at 2. On January 20, 2017, Nurse Purcell responded to plaintiff's grievance and explained that he had received proper treatment, including an examination and x-rays. *Id.* Att. 4 at 1. On February 10, 2017, EOCI received Grievance No. EOCI.2017.02.014 and plaintiff again claimed that he was not receiving adequate medical treatment for his ankle. *Id.* Att. 5 at 2. On March 27, 2017, Nurse Purcell thoroughly responded to plaintiff's grievance. *Id.* Att. 5 at 1. Plaintiff did not appeal either response. Sobotta Dec. ¶¶ 11-12. Accordingly, plaintiff failed to exhaust his administrative remedies for this claim.

In his second claim, plaintiff alleges that defendants denied him an inhaler when he was

first transferred to Oregon correctional facilities and continued to deny him an inhaler at EOCI. Compl. at 3, 5. Plaintiff filed one grievance regarding this issue.

On April 17, 2017, EOCI received Grievance No. EOCI.2017.04.077 about plaintiff's need for an inhaler. Sobotta Decl. ¶ 13 & Att. 6 at 2. On June 5, 2017, plaintiff's grievance was rejected because he had filed a tort claim notice that was received on April 14, 2017. *Id.* ¶¶ 13-14 & Att. 6 at 1, Att. 7; Or. Admin. R. 291-109-0140(3)(g) (ODOC inmates may not grieve "[c]laims or issues for which the inmate has filed a Notice of Tort"). Consequently, plaintiff did not complete the administrative grievance procedure before filing a tort claim notice, and he failed to exhaust his administrative remedies. *See Vega v. Bell*, No. 2:13-cv-00931-HU, 2015 WL 413796, at *5 (D. Or. Jan. 29, 2015).

In his response to defendant's motion, plaintiff does not allege that administrative remedies were effectively unavailable. Rather, he argues that he is not required to establish exhaustion in his complaint. While plaintiff is correct, this case is beyond the pleading stage, and he must present evidence showing the existence of a genuine issue of material fact regarding exhaustion. *Albino*, 747 F.3d at 1169. Plaintiff fails to do so, and his claims are barred under the PLRA for failure to exhaust his administrative remedies.

## CONCLUSION

For the reasons explained above, plaintiff's claims are barred, and defendant's Motion for Summary Judgment (ECF No. 8) is GRANTED. This action is DISMISSED.

IT IS SO ORDERED.

DATED this 17th day of April, 2018.

                                              s/Michael J. McShane
                                              Michael J. McShane
                                              United States District Judge